IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARRY BOWLES,<br><br>    Plaintiff,<br><br>v.<br><br>GRANT TRUCKING, LLC; DAVE GRANT HAY, INC.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:16-cv-123-DB<br><br>District Judge Dee Benson |

  Before the court is Defendant Dave Grant Hay Inc.'s Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 31.) The court held a hearing on the motion on January 9, 2018. (Dkt. No. 40.) At the hearing, Dave Grant Hay, Inc. was represented by Aaron Johnstun and Plaintiff was represented by April Hollingsworth. At the conclusion of the hearing, the court took the motion under advisement. Now being fully informed, the court issues this Memorandum Decision and Order.

## Factual Background

  This case involves allegations of disability discrimination under the Americans with Disabilities Act, as amended ("ADA"). Plaintiff was diagnosed with rheumatoid arthritis in approximately 1997. (First Amended Complaint at ¶ 9.) Plaintiff began working as a dump truck driver in approximately April 2006. (Compl. at ¶ 14.) Plaintiff has alleged that throughout his employment as a dump truck driver, his employer treated him with hostility and failed to accommodate his rheumatoid arthritis. (Compl. at ¶¶ 16-42.) Plaintiff resigned from his position on June 9, 2014. (Compl. at ¶ 42.)

In his First Amended Complaint, Plaintiff referred to Defendants Grant Trucking, LLC, Dave Grant Hay, Inc. ("DGHI"), and Grant Transportation Services, Inc.[1] collectively as his employer. (Compl. at ¶¶ 2-3.) Plaintiff provided little support in the Complaint for this assertion, alleging only that Defendants "share the same principals, office location, and employees[.]" (Compl. at ¶ 2.)

Defendant Grant Trucking, LLC is a Utah limited liability company. (Compl. at ¶ 2.) DGHI is a Utah corporation and is the sole member of Grant Trucking, LLC. (*Id.*) The two share the same principal place of business, and their registered agents share the same address. (*Id.*) All of this information is publicly available and can be found by searching the website operated by the Utah Division of Corporations and Commercial Code.

Procedural History

On or about November 12, 2014, Plaintiff sent correspondence to the United States Department of Justice ("DOJ") indicating that he believed his former employer, Grant Trucking, was in violation of the Americans with Disabilities Act. (Compl. at ¶ 6, Exh. 1.) On or about December 18, 2014, the DOJ forwarded Plaintiff's correspondence to the United States Equal Employment Opportunity Commission ("EEOC"), copying Plaintiff, and informing the EEOC that "complainant alleges actions that may constitute discrimination on the basis of disability by the (sic) Grant Trucking."[2] (*Id.*)

---

[1] In the Motion to Dismiss, Grant Transportation Services, Inc. also moved the court for dismissal. Following briefing of the Motion and prior to oral argument, the parties stipulated to the dismissal of Grant Transportation Services, Inc., and the court entered an Order dismissing it from the case.

[2] In deciding Defendants' previous Motion to Dismiss, the court determined that Plaintiff's original letter to the DOJ was transferred to the EEOC within 300 days, acting as a Charge filed within the statute of limitations period. (Dkt. No. 22.)

Plaintiff obtained his current counsel, Ms. Hollingsworth, in January 2015, shortly after the DOJ informed the EEOC of Plaintiff's complaint. Plaintiff was represented by Ms. Hollingsworth throughout the EEOC proceedings.[3] On July 3, 2015, the EEOC requested that Plaintiff fill out a "new" Charge of Discrimination. (Compl. at ¶ 7.) In that Charge, Plaintiff named only one entity: "Grant Trucking," as his employer, and stated: "I was initially hired by the above noted Respondent on or about 7-17-2006 as a Truck Driver." (Dkt. No. 31-1, Exh. B.) Plaintiff understood the name of his employer to be Grant Trucking because "that was the name on [his] pay stubs and the name printed on the side of the dump truck [he] drove." (Dkt. No. 35-5.) Plaintiff did not refer to any other entity either in the employer section of the charge or the particulars of his complaint. (*Id.*)

Grant Trucking, LLC filed a written response to Plaintiff's Charge of Discrimination on October 1, 2015. (Dkt. No. 35-6.) Grant Trucking, LLC's first legal argument in that response was that it was not a covered entity during Plaintiff's employment because it never had fifteen or more employees. (*Id.* at 5.) With fewer than fifteen employees, Grant Trucking, LLC would not be subject to the ADA. No other respondent made any filing or appearance during the EEOC investigation process.

Plaintiff never attempted to amend his Charge to add any new respondents, nor did he indicate to Grant Trucking, LLC or the EEOC that he intended to do so. On June 14, 2016, the

---

[3] Plaintiff's counsel, Ms. Hollingsworth, stated in Plaintiff's briefing that it "is clearly not true" that Plaintiff was represented by counsel "throughout the EEOC proceedings" but that he obtained counsel "by the time he received a Right to Sue letter." (Dkt. No. 35 at 6.) Ms. Hollingsworth further stated that Plaintiff "did not have counsel when he filed his Charge." (*Id.*) At oral argument, the parties agreed that Plaintiff retained Ms. Hollingsworth in January 2015, approximately two months after Plaintiff wrote his letter to the DOJ and approximately six months before he filed his "new" Charge of discrimination with the EEOC. The representations by Ms. Hollingsworth that Plaintiff "did not have counsel when he filed his Charge" and was not represented "throughout the EEOC proceedings" constitute misdirection, if not outright misrepresentation, of the facts to the court.

EEOC dismissed Plaintiff's Charge, stating that it was "unable to conclude that the information obtained establishes violations of the statutes," and provided Plaintiff with a Notice of Right to Sue. (Dkt. No. 29-2.)

On September 2, 2016, Plaintiff filed this lawsuit, naming Grant Trucking, LLC and Grant Transportation Services, Inc. as Defendants. (Dkt. No. 2.) Defendants filed a Motion to Dismiss the Complaint on various grounds, including that Plaintiff's sole employer, Grant Trucking, LLC, did not meet the 15-employee threshold requirement to subject it to liability under the ADA. (Dkt. No. 5.) Plaintiff then filed a First Amended Complaint on August 17, 2017, adding DGHI as a third Defendant. (Dkt. No. 29.) The only claim asserted by Plaintiff is employment discrimination in violation of the ADA. (*Id.*) DGHI moves for dismissal pursuant to Rule 12(b)(1), arguing that Plaintiff failed to exhaust his administrative remedies with respect to it. (Dkt. No. 31.)

Standard

Rule 12(b)(1) motions to dismiss generally take one of two forms: 1) "a facial attack on the complaint's allegations as to subject matter jurisdiction" or 2) a challenge to "the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In the first instance, the court's analysis is limited to the allegations in the complaint; in the second instance, "a district court may not presume the truthfulness of the complaint's factual allegations" but instead has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. at 1003. In either instance, if the motion is not "intertwined with the merits of the case," the court is not required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule

56 summary judgment motion. *Id.* Here, the jurisdictional question is not intertwined with the merits of the case and the facts relevant to DGHI's motion, as outlined above, are undisputed. Accordingly, the court need not convert the Rule 12(b)(1) motion to a motion under Rule 12(b)(6) or Rule 56, and may properly consider the evidence presented by the parties in briefing the motion.

Discussion

The ADA "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). The aggrieved party may bring a civil action "against the respondent named in the charge…," only after exhausting administrative remedies. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. §12117(a). "The filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit."[4] *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). Here, the parties do not dispute that Plaintiff did not name DGHI as a respondent in his EEOC Charge or at any stage during the agency proceedings. Thus, pursuant to the textual requirements of the Act, Plaintiff has failed to exhaust his administrative remedies with respect to DGHI.

The Tenth Circuit has "recognized narrow exceptions to the strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge" where the defendant was 1) "informally referred to in the body of the charge," or 2) "where there is

---

[4] Following oral argument, DGHI filed a Supplemental Brief with the court addressing questions raised at oral argument, including whether the failure to exhaust administrative remedies is a jurisdictional prerequisite to suit. The court does not rely on that memorandum in reaching this decision and, as such, Plaintiff's request for an opportunity to respond "[i]n the event that the Court intends to consider Defendants' Supplemental Brief" is hereby MOOT.

sufficient identity of interest between the respondent and the defendant to satisfy the intention of [the discrimination statutes] that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Id.* Here, the parties agree that DGHI was not informally referred to in the body of Plaintiff's Charge. Plaintiff argues instead that there is a sufficient identity of interest between Grant Trucking, LLC and DGHI to satisfy the notice and conciliation purposes of administrative exhaustion under the ADA.

The Tenth Circuit has provided four factors, originally set forth by the Third Circuit in *Glus v. G. C. Murphy Co.*, that are "pertinent to an evaluation of the failure to name a party before the EEOC":

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1312 (10th Cir. 1980) (quoting *Glus v. G. C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977)). The court will examine each factor to determine whether Plaintiff has shown facts sufficient to establish that he falls within this narrow exception.

*1) Whether the Role of DGHI Could Be Ascertained*

First, the court will determine whether the role of the unnamed party, DGHI, could by reasonable effort of the complainant be ascertained at the time of the filing of the EEOC complaint. The answer here is undoubtedly "yes." Plaintiff was represented by counsel at the time he submitted his "new" EEOC Charge in July 2015, and throughout the EEOC proceedings.

The website for Grant Trucking, LLC displays the names of the other legal entities Plaintiff now seeks to sue. The website operated by the Utah Division of Corporations and Commercial Code also clearly sets forth the relationship of the entities, which is all publicly available information. Plaintiff could have discovered that DGHI and Grant Trucking, LLC were separate legal entities, and their relationship to each other, even at the time he wrote his original letter to the DOJ in 2014, but even more so when he filed his "new" Charge with the EEOC in July 2015, some six months after he retained Ms. Hollingsworth as his attorney in January 2015.

    2) *Similarity of Interests*

Next, the court will consider whether, under the circumstances, the interests of Grant Trucking, LLC are so similar to those of DGHI that for the purpose of obtaining voluntary conciliation and compliance it would have been unnecessary to include DGHI in the EEOC proceedings. The only reference in the Complaint to the similarity of DGHI and Grant Trucking, LLC is that they "share the same principals, office location, and employees[.]" (Compl. at ¶ 2.) This conclusory statement, even if true, is insufficient to show interests that are so similar that inclusion of DGHI in the EEOC proceedings was unnecessary.

In his briefing, Plaintiff points to various facts and arguments that he now believes assist him in making a joint employer argument against DGHI. Regardless of whether the court were to find facts to support a joint employer relationship (which it does not), these arguments are beside the point. The inquiry here is whether, at the time Grant Trucking, LLC was included, and DGHI was excluded, from the agency proceedings, DGHI's interests were so similar to those of Grant Trucking, LLC that it was unnecessary to include it as a respondent at that stage. DGHI is a legal entity distinct from Grant Trucking, LLC. To assume that shared ownership is synonymous with

7

shared interests would disregard the validity of forming different business entities for different purposes, including the parent-subsidiary relationship. *See Aufdemorte v. Mountain West Medical Center*, 2013 WL 474545 (D. Utah Feb. 7, 2013). Common ownership and a shared location do not speak to whether separate business entities have common interests in conciliation and compliance before the EEOC.

The interests of Grant Trucking, LLC and DGHI diverge significantly in the defenses they would have raised at the EEOC level. Before the EEOC, Grant Trucking, LLC asserted the defense, among others, that it is not subject to the ADA because it does not meet the 15-employee threshold. The representations of counsel at oral argument were that such a defense would not be available if DGHI is considered to be a joint employer with Grant Trucking, LLC—in fact, that is admittedly Plaintiff's primary motivation for adding DGHI now. DGHI would have had a unique interest in raising a defense that it was not a joint employer of Plaintiff during the EEOC investigation. The strategy and interests in voluntary conciliation and compliance at the EEOC would differ between Grant Trucking, LLC, which claimed then, and claims now, not to be subject to the ADA, and DGHI, which, because of its absence from the EEOC proceedings, never asserted, nor was it given the opportunity to assert, any type of defense to Plaintiff's claims of discrimination.

3) *Actual Prejudice*

Next, the court will determine if the interests of DGHI were actually prejudiced by Plaintiff's failure to include it in the EEOC proceedings. As pointed out above, Grant Trucking, LLC's first line of defense at the agency level was that it was not subject to the ADA because it did not meet the 15-employee threshold. Even after becoming aware of this defense, Plaintiff

never put DGHI on notice that it intended to lodge a complaint against it or make a joint employer argument to meet the minimum employee threshold. Had DGHI received such notice, it would have had the opportunity to defend and present its own defenses to the EEOC, which would have included its defense that it never employed the Plaintiff. In this way, DGHI was clearly prejudiced by its exclusion from the EEOC proceedings because its defenses and interests in conciliation differed from those of Grant Trucking, LLC. It is highly prejudicial for DGHI to be included as a respondent for the first time in federal court, particularly where Plaintiff knew that Grant Trucking, LLC claimed before the EEOC that it did not meet the threshold requirements to be subject to the ADA.

4) *Representations by DGHI to Plaintiff Regarding Grant Trucking, LLC*

Finally, the court will consider whether DGHI in some way represented to the Plaintiff that its relationship with the Plaintiff was to be through Grant Trucking, LLC. Representatives of DGHI state that they never made any such representation to Plaintiff. (Dkt. Nos. 31-1—31-3.) Plaintiff has not provided sufficient facts to suggest otherwise.[5] Accordingly, this factor weighs in favor of DGHI.

Having reviewed the *Romero* factors, the court determines that there is not a sufficient identity of interest between Grant Trucking, LLC and DGHI to satisfy the notice and conciliation purposes of administrative exhaustion under the ADA. Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to DGHI.

---

[5] Plaintiff points to a document entitled "Dave R. Grant Hay, Inc. Driver's Job Description," which was presented to and signed by Plaintiff at the beginning of his employ, to argue that DGHI represented to him that his relationship with it should be through Grant Trucking, LLC. (Dkt. No. 31-1.) The "Job Description" document did not make any representation to that effect. The document simply addressed Plaintiff's job summary, duties, accountabilities, eligibility requirements, physical requirements, and work environment. That document cannot be said to have made an affirmative representation to Plaintiff that his relationship with DGHI, if any, should be maintained through Grant Trucking, LLC.

9

This holding is consistent with a similar decision in this district, *Aufdemorte v. Mountain West Medical Center*, 2013 WL 474545 (D. Utah Feb. 7, 2013). In *Aufdemorte*, the Plaintiff attempted to amend her Complaint to add the entity in control of the respondent she originally named in her EEOC Charge. *Id.* at *3. Plaintiff had not named the parent entity in her EEOC filings. *Id.* The court determined that the *Romero* factors weighed in favor of dismissal, particularly where Plaintiff "was represented by counsel during the majority of the EEOC proceedings" and "did not allege any actions [by the unnamed party] that contributed to the alleged conduct." *Id.* at *3. The same conclusion lies here.

## Conclusion

For the foregoing reasons, Defendant DGHI's Motion to Dismiss for lack of subject matter jurisdiction is hereby GRANTED.

DATED this 22nd day of February, 2018.

BY THE COURT:

Dee Benson
United States District Judge