IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| BARRY BOWLES,<br><br>              Plaintiff,<br><br>v.<br><br>GRANT TRUCKING, LLC; DAVE GRANT HAY, INC.,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:16-cv-123-DB<br><br>District Judge Dee Benson |
|---|---|

Before the court is Plaintiff's Motion for Summary Judgment. (Dkt. No. 56.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Factual Background

This case involves allegations of disability discrimination under the Americans with Disabilities Act, as amended ("ADA"). The ADA prohibits employers with 15 or more employees from discriminating against disabled persons. In his First Amended Complaint, Plaintiff referred to Defendants Grant Trucking, LLC ("Grant Trucking") and Dave Grant Hay, Inc. ("DGHI") collectively as his employer. (Compl. at ¶¶ 2-3.) Plaintiff provided little support in the Complaint for this assertion, alleging only that Defendants "share the same principals, office location, and employees[.]" (Compl. at ¶ 2.)

Grant Trucking is a Utah limited liability company. (Compl. at ¶ 2.) DGHI is a Utah corporation and is the sole member of Grant Trucking. (*Id*.) The two share the same principal place of business, and their registered agents share the same address. (*Id*.) While the companies operate side-by-side on a 40-acre parcel, they maintain separate financial records, assets, and payroll records. (Dkt. No. 60, Exh. A.)

Plaintiff has identified fewer than fifteen employees, including Plaintiff, who worked at the Grant Trucking site and received paychecks from Grant Trucking during the relevant time period. Plaintiff has also identified several other individuals who worked for and received paychecks from DGHI (or who maintained titles as officers and/or directors of DGHI) during the relevant time period, and has argued that those individuals also performed work for Grant Trucking and were, as such, jointly employed by Grant Trucking during the relevant time period.

Procedural History

On or about November 12, 2014, Plaintiff sent correspondence to the United States Department of Justice ("DOJ") indicating that he believed his former employer, Grant Trucking, was in violation of the Americans with Disabilities Act. (Compl. at ¶ 6, Exh. 1.) On or about December 18, 2014, the DOJ forwarded Plaintiff's correspondence to the United States Equal Employment Opportunity Commission ("EEOC"), copying Plaintiff, and informing the EEOC that "complainant alleges actions that may constitute discrimination on the basis of disability by the (sic) Grant Trucking." (*Id*.)

After Plaintiff obtained his current counsel, on July 3, 2015, the EEOC requested that Plaintiff complete a "new" Charge of Discrimination. (Compl. at ¶ 7.) In that Charge, Plaintiff named only one entity as his employer: "Grant Trucking.". (Dkt. No. 31-1, Exh. B.) Plaintiff

understood the name of his employer to be Grant Trucking because "that was the name on [his] pay stubs and the name printed on the side of the dump truck [he] drove." (Dkt. No. 35-5.) Plaintiff did not refer to any other entity either in the employer section of the charge or the particulars of his complaint. (*Id.*)

Grant Trucking filed a written response to Plaintiff's Charge of Discrimination on October 1, 2015. (Dkt. No. 35-6.) Grant Trucking's first legal argument in that response was that it was not a covered entity during Plaintiff's employment because it never had fifteen or more employees. (*Id.* at 5.) No other respondent made any filing or appearance during the EEOC investigation process. Plaintiff never attempted to amend his Charge to add any new respondents, nor did he indicate to Grant Trucking or the EEOC that he intended to do so.

On September 2, 2016, Plaintiff filed this lawsuit, naming Grant Trucking and Grant Transportation Services, Inc.[1] as Defendants. (Dkt. No. 2.) Defendants filed a Motion to Dismiss the Complaint on various grounds, including that Plaintiff's sole employer, Grant Trucking, did not meet the 15-employee threshold requirement to subject it to liability under the ADA. (Dkt. No. 5.) Plaintiff then filed a First Amended Complaint on August 17, 2017, adding DGHI as a third Defendant. (Dkt. No. 29.)

On September 22, 2017, DGHI moved for dismissal pursuant to Rule 12(b)(1) on the basis that Plaintiff failed to exhaust his administrative remedies with respect to it. (Dkt. No. 31.) The court granted DGHI's motion, ruling that "there [was] not a sufficient identity of interest between Grant Trucking, LLC and DGHI to satisfy the notice and conciliation purposes of administrative exhaustion under the ADA" and that Plaintiff "failed to exhaust his administrative

---

[1] Grant Transportation Services, Inc. was dismissed as a Defendant by stipulation of the parties on January 2, 2018. (Dkt. No. 39.)

3

remedies with respect to DGHI." (Dkt. No. 44.) Accordingly, Grant Trucking is the only remaining Defendant in this action.

Discussion

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). So long as the factual record is sufficiently developed, "an entry of judgment for the nonmoving party may be proper" as well. *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015)(citations omitted).

The ADA "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). The aggrieved party may bring a civil action "against the respondent named in the charge…," only after exhausting administrative remedies. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. §12117(a). The ADA also specifically applies only to those employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year…." 42 U.S.C. § 12111(5)(A).

The court held in its previous Memorandum Decision and Order (Dkt. No. 44) that Plaintiff failed to exhaust its administrative remedies with respect to DGHI. Plaintiff is accordingly precluded from bringing ADA claims against DGHI. Plaintiff nevertheless continues

4

to argue that DGHI was a joint employer of Plaintiff, such that DGHI's employees, officers, and directors should be considered when calculating the number of employees to satisfy the ADA's 15-employee threshold.

As the court observed in its previous opinion, subject to only "narrow exceptions" not applicable here, ADA claimants must adhere to the "strict requirement that each defendant must have been specifically named as the respondent in the EEOC charge." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). That requirement serves the purpose of providing notice to the defendant and an opportunity to attempt conciliation before the EEOC. *Id.* Plaintiff cannot sidestep that requirement and those purposes by continuing to allege joint employer liability. The court has held that DGHI is not a defendant properly before this court and, as such, DGHI cannot be required to defend joint employer allegations in this action.

Furthermore, even absent Plaintiff's failure to exhaust administrative remedies, for the facts and reasons set forth in its previous Memorandum Decision and Order, the court finds that the undisputed facts are insufficient to establish joint employer liability with respect to DGHI. DGHI was a separate business entity with separate business records, assets, and employees. Plaintiff has failed to provide the court with facts to overcome the "strong presumption that a parent company is not the employer of its subsidiary's employees" and the general rule that the "law allows businesses to incorporate to limit liability and isolate liabilities among separate entities." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993).

While Grant Trucking has not explicitly moved for summary judgment in its favor, the court nevertheless finds that summary judgment in Defendant's favor is appropriate here. Where the factual record is sufficiently developed, "an entry of judgment for the nonmoving party may

5

be proper." *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015)(citations omitted). Plaintiff marshalled his evidence in his Motion for Summary Judgment and has failed to establish that Grant Trucking maintained a sufficient number of employees to satisfy the ADA's threshold requirement. Accordingly, Grant Trucking cannot be required to defend this ADA action.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED and summary judgment is hereby GRANTED in favor of Defendant.

DATED this 6th day of September, 2019.

BY THE COURT:

Dee Benson
United States District Judge